# EXHIBIT 1

§ 10113.71. Grace periods not less than 60 days from..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 2 of 11

# California Statutes Annotated - 2022

> West's Annotated California Codes
>   Insurance Code (Refs & Annos)
>     Division 2. Classes of Insurance (Refs & Annos)
>       Part 2. Life and Disability Insurance (Refs & Annos)
>         Chapter 1. The Contract (Refs & Annos)
>           Article 1. General Provisions (Refs & Annos)

West's Ann.Cal.Ins.Code § 10113.71

§ 10113.71. Grace periods not less than 60 days from premium due date; notice of termination of policy

Effective: January 1, 2014
Currentness

(a) Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.

(b)(1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

(2) This subdivision shall not apply to nonrenewal.

(3) Notice shall be given to the policy owner and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.

(c) For purposes of this section, a life insurance policy includes, but is not limited to, an individual life insurance policy and a group life insurance policy, except where otherwise provided.

**Credits**
(Added by Stats.2012, c. 315 (A.B.1747), § 1. Amended by Stats.2013, c. 76 (A.B.383), § 137.)

HISTORICAL AND STATUTORY NOTES
2023 Electronic Pocket Part Update
2013 Legislation
Stats.2013, c. 76 (A.B.383), made nonsubstantive changes to maintain the code.

§ 10113.71. Grace periods not less than 60 days from..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 3 of 11

Subordination of legislation by Stats.2013, c. 76 (A.B.383), to other 2013 legislation, see Historical and Statutory Notes under Business and Professions Code § 1202.


CROSS REFERENCES

Accelerated death benefits, compliance with this section, see Insurance Code § 10295.14.

RESEARCH REFERENCES

ALR Library

140 American Law Reports 683, Notice to Insureds of Insufficiency to Meet Premiums of Cash or Loan Value, Reserve, or Dividends.

Encyclopedias

44 Am. Jur. 2d Insurance § 902, Notice of Lapse.
39 Cal. Jur. 3d Insurance Contracts and Coverage § 138, Forfeiture or Suspension for Nonpayment.

Treatises and Practice Aids

California Practice Guide Insurance Litigation Ch. 5-D, Lapse (Expiration).
California Practice Guide Insurance Litigation Ch. 6C-A, Life Insurance.
California Practice Guide Insurance Litigation HIGHLIGHTS, 2020 Update.
Regulatory Guidance Summaries CA PROVG, Standard Policy Provisions - Group L&A - Ca.
16 Williston on Contracts § 49:82 (4th ed.), Lapse or Forfeiture for Nonpayment of Premium.
2 Witkin, California Summary 11th Insurance § 319 (2020), Notice of Cancellation.

**NOTES OF DECISIONS**

Class actions 4

Constitutional issues 1.5

Construction and application 1

Effect of amendments 5

Lapsed or terminated policies 3

Policy renewals 2

**1 Construction and application**

Under California law, insurer properly mailed required policy termination notice to policy owner stating that flexible premium adjustable life insurance policy would lapse if owner did not pay $55,061 deficit in net surrender value within 61-day grace period, and thus, by the policy's terms, the policy lapsed when owner failed to make the payment within the grace period; as required by the policy, insurer sent the notice to owner's most recent address at least 30 days prior to the day coverage lapsed, the notice complied with California's Insurance Code, and policy only required that insurer mail a notice, not that owner receive it. Elhouty v. Lincoln Benefit Life Company, C.A.9 (Cal.)2018, 886 F.3d 752. Federal Civil Procedure 1278

Under California law, statutes requiring that all life insurance policies include provision for minimum 60-day grace period from premium due date to allow for late premium payments and that notices of nonpayment of premium, lapse of policy, and termination of policy, be sent to policy owner, designee named for individual policy, and known assignee or other person having interest in policy, within 30-day period did not apply retrospectively to policies issued before statutes' enactment date.

§ 10113.71. Grace periods not less than 60 days from..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 4 of 11

Thomas v. State Farm Insurance Company, S.D.Cal.2019, 424 F.Supp.3d 1018, affirmed 2021 WL 4596286. Insurance  2018; Insurance  2044(1); Insurance  2044(2)

California statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date applied to policies issued out-of-state, but renewed in-state. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance  2044(1)

Under California law, application of statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date to policies issued before statutes' effective date, but renewed after effective date, was not impermissibly retroactive. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance  1894

Under California law, statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date applied prospectively to policies issued before statutes' effective date, but renewed after effective date. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance  2044(1)

Under California law, notice mailed to owner of life insurance policy 61 days before coverage lapsed constituted the required notice of cancellation or lapse, pursuant to policy provision requiring insurer to send written notice to the most recent address it had for owner at least 30 days prior to the day coverage lapsed; the notice explained both the policy's 61-day grace period, which gave owner time to make required premium payment, and the date that the coverage would lapse if premium payment was not received. Elhouty v. Lincoln Ben. Life Co., E.D.Cal.2015, 121 F.Supp.3d 989, affirmed 886 F.3d 752. Insurance  2017; Insurance  2044(1)

Statute requiring 60-day grace periods for premium payments for term life insurance policies, which was enacted after issuance of insured's policy, did not apply retrospectively, and thus directed verdict in favor of life insurer, which terminated insured's policy for failure to pay within 31-day grace period, was warranted in action brought by beneficiaries, alleging breach of contract and of implied covenant of good faith and fair dealing; statute referred to policies "issued or delivered," terms to which case law had imported prospective application, legislature did not indicate that statute applied to all policies, despite stating that in other statutes, and although beneficiaries argued that statute's use of "each policy" imported inclusiveness, argument took words out of context. McHugh v. Protective Life Ins. (App. 4 Dist. 2019) 253 Cal.Rptr.3d 780, review granted 257 Cal.Rptr.3d 784, 456 P.3d 933. Statutes  1556(1); Statutes  1557

### 1.5 Constitutional issues

Provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, did not violate Contracts Clause in United States or California Constitutions, since provisions did not substantially impair insurer's contractual rights under existing policy. McHugh v. Protective Life Insurance Company (2021) 283 Cal.Rptr.3d 323, 494 P.3d 24. Constitutional Law  2758; Insurance  2018; Insurance  2044(1)

### 2 Policy renewals

Under California law, policyholder's payment of monthly premiums constituted renewal of term life insurance policies, and thus renewed policies incorporated statutes enacted after policies were issued that required minimum 60-day grace period from premium due date to allow for late premium payments and that notices of nonpayment of premium, lapse of policy, and

§ 10113.71. Grace periods not less than 60 days from..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 5 of 11

termination of policy be sent to policy owner, designee named for individual policy, and known assignee or other person having interest in policy within 30-day period, where monthly premiums functioned as renewal payments by keeping policies active for period of time that payments covered. Thomas v. State Farm Insurance Company, S.D.Cal.2019, 424 F.Supp.3d 1018, affirmed 2021 WL 4596286. Insurance 🔑 1896; Insurance 🔑 1903

Under California law, in order for statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date to apply to previously issued policy, policy must have been renewed after statute's effective date; it was not sufficient that policy be in force on effective date. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance 🔑 2044(1)

Under California law, life insurance policies renewed when premium payments were made, thereby subjecting them to subsequently-enacted statutory requirement that insurers provide notice of lapse or termination of policies for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date, regardless of whether payment was annual or subannual premium payment. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance 🔑 1896; Insurance 🔑 2044(1)

### 3 Lapsed or terminated policies

Under California law, insurer breached its contractual duty to pay beneficiary death benefits under life insurance policy, even though insurer had terminated policy for failure to timely pay premium, where insurer failed to comply with its statutory obligation to provide notice of lapse or termination for nonpayment of premium to policy owner or his designee at least 30 days prior to termination's effective date. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance 🔑 2044(1)

Under California law, statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date applied to policies terminated for inadequate cash value, even though there was no missed premium payment. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance 🔑 2044(1)

Under California law, statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date applied to policies that lapsed after reaching end of their guaranteed premium period. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance 🔑 2044(1)

### 4 Class actions

Class action alleging that insurer violated statutes requiring it to provide notices to beneficiaries before terminating life insurance policies for nonpayment of premiums satisfied numerosity requirement for class certification, where class included 26 class policies, which encompassed 33 class members. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Federal Civil Procedure 🔑 181

### 5 Effect of amendments

Provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, had only minimal retroactive effect and would not substantially impair any vested contractual rights, and therefore they could be applied to people holding life insurance policies issued or

§ 10113.71. Grace periods not less than 60 days from..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 6 of 11

delivered before those amendments went into effect, since new grace period and notice requirements simply updated how regulatory system governing life insurance terminations treated all policies going forward. McHugh v. Protective Life Insurance Company (2021) 283 Cal.Rptr.3d 323, 494 P.3d 24. Insurance [key] 2018; Insurance [key] 2044(1)

Provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, applied universally to people holding life insurance policies issued or delivered before those amendments went into effect, since provisions represented mandatory directive for all policies, rather than temporal limitation, provisions worked together, statutory sections appeared to create single, unified pretermination notice scheme, and statute amended in very same bill expressly used future-oriented language but legislature did not add similar language to grace period and notice provisions. McHugh v. Protective Life Insurance Company (2021) 283 Cal.Rptr.3d 323, 494 P.3d 24. Insurance [key] 2018; Insurance [key] 2044(1)

Neither instruction in Department of Insurance's System for Electronic and Form Filing (SERFF) nor correspondence represented official guidance on agency's construction of provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, and as result neither merited any measure of presumptive deference on issue of whether they could be applied to people holding life insurance policies issued or delivered before those amendments went into effect. McHugh v. Protective Life Insurance Company (2021) 283 Cal.Rptr.3d 323, 494 P.3d 24. Administrative Law and Procedure [key] 2271; Insurance [key] 1070

Provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, applied to people holding life insurance policies issued or delivered before those amendments went into effect, since provisions in those statutes had been written in universal terms that were best understood to modify policies whether they come into effect after reforms were enacted or already were in effect at that time, provisions did not appear to impose new or different liabilities based on earlier conduct, and further regulation on policies by legislature reasonably could have been anticipated. McHugh v. Protective Life Insurance Company (2021) 2021 WL 3853061. Insurance [key] 2018; Insurance [key] 2044(1)


West's Ann. Cal. Ins. Code § 10113.71, CA INS § 10113.71

Current with urgency legislation through Ch. 1 of 2022 Reg.Sess. Some statute sections may be more current, see credits for details.
(C) 2022 Thomson Reuters. No Claim to Orig. US Gov. Works.

---

End of Document                                         © 2023 Thomson Reuters. No claim to original U.S. Government Works.

§ 10113.72. Individuals to receive notice of lapse or..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 7 of 11

California Statutes Annotated - 2022

West's Annotated California Codes
　Insurance Code (Refs & Annos)
　　Division 2. Classes of Insurance (Refs & Annos)
　　　Part 2. Life and Disability Insurance (Refs & Annos)
　　　　Chapter 1. The Contract (Refs & Annos)
　　　　　Article 1. General Provisions (Refs & Annos)

West's Ann.Cal.Ins.Code § 10113.72

§ 10113.72. Individuals to receive notice of lapse or termination
of a policy; notification of right to change written designation

Effective: January 1, 2013
Currentness

(a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.

(b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.

(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

**Credits**
(Added by Stats.2012, c. 315 (A.B.1747), § 2.)

CROSS REFERENCES
　　Accelerated death benefits, compliance with this section, see Insurance Code § 10295.14.

RESEARCH REFERENCES

ALR Library
140 American Law Reports 683, Notice to Insureds of Insufficiency to Meet Premiums of Cash or Loan Value, Reserve, or Dividends.

Encyclopedias

§ 10113.72. Individuals to receive notice of lapse or..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 8 of 11

44 Am. Jur. 2d Insurance § 902, Notice of Lapse.
39 Cal. Jur. 3d Insurance Contracts and Coverage § 138, Forfeiture or Suspension for Nonpayment.

Treatises and Practice Aids
American Law Institute Continuing Legal Education 355, Innovative Fixed Rate and Indexed Annuity and Life Insurance Product Designs and Regulatory Developments.
California Practice Guide Insurance Litigation Ch. 5-D, Lapse (Expiration).
California Practice Guide Insurance Litigation Ch. 6C-A, Life Insurance.
California Practice Guide Insurance Litigation HIGHLIGHTS, 2020 Update.
16 Williston on Contracts § 49:82 (4th ed.), Lapse or Forfeiture for Nonpayment of Premium.
2 Witkin, California Summary 11th Insurance § 319 (2020), Notice of Cancellation.

**NOTES OF DECISIONS**

Class actions 4

Constitutional issues 1.5

Construction and application 1

Effect of amendments 5

Lapsed or terminated policies 3

Policy renewals 2

**1 Construction and application**

Under California law, statutes requiring that all life insurance policies include provision for minimum 60-day grace period from premium due date to allow for late premium payments and that notices of nonpayment of premium, lapse of policy, and termination of policy, be sent to policy owner, designee named for individual policy, and known assignee or other person having interest in policy, within 30-day period did not apply retrospectively to policies issued before statutes' enactment date. Thomas v. State Farm Insurance Company, S.D.Cal.2019, 424 F.Supp.3d 1018, affirmed 2021 WL 4596286. Insurance 2018; Insurance 2044(1); Insurance 2044(2).

California statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date applied to policies issued out-of-state, but renewed in-state. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance 2044(1).

Under California law, application of statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date to policies issued before statutes' effective date, but renewed after effective date, was not impermissibly retroactive. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance 1894.

Under California law, statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date applied prospectively to policies issued before statutes' effective date, but renewed after effective date. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance 2044(1).

Statute requiring 60-day grace periods for premium payments for term life insurance policies, which was enacted after issuance of insured's policy, did not apply retrospectively, and thus directed verdict in favor of life insurer, which terminated insured's

policy for failure to pay within 31-day grace period, was warranted in action brought by beneficiaries, alleging breach of contract and of implied covenant of good faith and fair dealing; statute referred to policies "issued or delivered," terms to which case law had imported prospective application, legislature did not indicate that statute applied to all policies, despite stating that in other statutes, and although beneficiaries argued that statute's use of "each policy" imported inclusiveness, argument took words out of context. McHugh v. Protective Life Ins. (App. 4 Dist. 2019) 253 Cal.Rptr.3d 780, review granted 257 Cal.Rptr.3d 784, 456 P.3d 933. Statutes  1556(1); Statutes  1557

**1.5 Constitutional issues**

Provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, did not violate Contracts Clause in United States or California Constitutions, since provisions did not substantially impair insurer's contractual rights under existing policy. McHugh v. Protective Life Insurance Company (2021) 283 Cal.Rptr.3d 323, 494 P.3d 24. Constitutional Law  2758; Insurance  2018; Insurance  2044(1)

**2 Policy renewals**

Under California law, policyholder's payment of monthly premiums constituted renewal of term life insurance policies, and thus renewed policies incorporated statutes enacted after policies were issued that required minimum 60-day grace period from premium due date to allow for late premium payments and that notices of nonpayment of premium, lapse of policy, and termination of policy be sent to policy owner, designee named for individual policy, and known assignee or other person having interest in policy within 30-day period, where monthly premiums functioned as renewal payments by keeping policies active for period of time that payments covered. Thomas v. State Farm Insurance Company, S.D.Cal.2019, 424 F.Supp.3d 1018, affirmed 2021 WL 4596286. Insurance  1896; Insurance  1903

Under California law, in order for statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date to apply to previously issued policy, policy must have been renewed after statute's effective date; it was not sufficient that policy be in force on effective date. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance  2044(1)

Under California law, life insurance policies renewed when premium payments were made, thereby subjecting them to subsequently-enacted statutory requirement that insurers provide notice of lapse or termination of policies for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date, regardless of whether payment was annual or subannual premium payment. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance  1896; Insurance  2044(1)

**3 Lapsed or terminated policies**

Under California law, insurer breached its contractual duty to pay beneficiary death benefits under life insurance policy, even though insurer had terminated policy for failure to timely pay premium, where insurer failed to comply with its statutory obligation to provide notice of lapse or termination for nonpayment of premium to policy owner or his designee at least 30 days prior to termination's effective date. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance  2044(1)

Under California law, statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date applied to policies

§ 10113.72. Individuals to receive notice of lapse or..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 10 of 11

terminated for inadequate cash value, even though there was no missed premium payment. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance [key] 2044(1)

Under California law, statutes requiring insurers to provide notice of lapse or termination of life insurance policy for nonpayment of premium to policy owners and their designees at least 30 days prior to termination's effective date applied to policies that lapsed after reaching end of their guaranteed premium period. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Insurance [key] 2044(1)

**4 Class actions**

Class action alleging that insurer violated statutes requiring it to provide notices to beneficiaries before terminating life insurance policies for nonpayment of premiums satisfied numerosity requirement for class certification, where class included 26 class policies, which encompassed 33 class members. Bentley v. United of Omaha Life Insurance Company, C.D.Cal.2019, 371 F.Supp.3d 723. Federal Civil Procedure [key] 181

Provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, applied to people holding life insurance policies issued or delivered before those amendments went into effect, since provisions in those statutes had been written in universal terms that were best understood to modify policies whether they come into effect after reforms were enacted or already were in effect at that time, provisions did not appear to impose new or different liabilities based on earlier conduct, and further regulation on policies by legislature reasonably could have been anticipated. McHugh v. Protective Life Insurance Company (2021) 2021 WL 3853061. Insurance [key] 2018; Insurance [key] 2044(1)

**5 Effect of amendments**

Provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, had only minimal retroactive effect and would not substantially impair any vested contractual rights, and therefore they could be applied to people holding life insurance policies issued or delivered before those amendments went into effect, since new grace period and notice requirements simply updated how regulatory system governing life insurance terminations treated all policies going forward. McHugh v. Protective Life Insurance Company (2021) 283 Cal.Rptr.3d 323, 494 P.3d 24. Insurance [key] 2018; Insurance [key] 2044(1)

Provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, applied universally to people holding life insurance policies issued or delivered before those amendments went into effect, since provisions represented mandatory directive for all policies, rather than temporal limitation, provisions worked together, statutory sections appeared to create single, unified pretermination notice scheme, and statute amended in very same bill expressly used future-oriented language but legislature did not add similar language to grace period and notice provisions. McHugh v. Protective Life Insurance Company (2021) 283 Cal.Rptr.3d 323, 494 P.3d 24. Insurance [key] 2018; Insurance [key] 2044(1)

Neither instruction in Department of Insurance's System for Electronic and Form Filing (SERFF) nor correspondence represented official guidance on agency's construction of provisions clearly establishing that life insurance policies had to have 60-day grace period before they could be terminated for premium lapse, and that insurers could not terminate policies for premium lapse until they gave at least 30-day mailed notice to policy owners and to any additional designated individuals, and as result neither merited any measure of presumptive deference on issue of whether they could be applied to people holding life

§ 10113.72. Individuals to receive notice of lapse or..., West's...

Case 1:21-cv-01784-JLT-CDB   Document 63-3   Filed 08/14/23   Page 11 of 11

insurance policies issued or delivered before those amendments went into effect. McHugh v. Protective Life Insurance Company (2021) 283 Cal.Rptr.3d 323, 494 P.3d 24. Administrative Law and Procedure [key] 2271; Insurance [key] 1070

West's Ann. Cal. Ins. Code § 10113.72, CA INS § 10113.72

Current with urgency legislation through Ch. 1 of 2022 Reg.Sess. Some statute sections may be more current, see credits for details.
(C) 2022 Thomson Reuters. No Claim to Orig. US Gov. Works.

---

End of Document                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.