# EXHIBIT 12

Cindy M. Rucker (SBN 272465)
crucker@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
10100 Santa Monica Blvd, Suite 550
Los Angeles, CA 90067
Tel. (323) 987-3356
Fax (205) 254-1999

Michael D. Mulvaney (Pro Hac Vice)
mmulvaney@maynardcooper.com
Katharine A. Weber (Pro hac Vice)
kweber@maynardcooper.com
Edward M Holt (Pro Hac Vice)
tholt@maynardcooper.com
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Tel. (205) 254-1000
Fax (205) 254-1999

Attorneys for Defendants

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SCHMIDT, on behalf of herself and all others similarly situated. | Case No. 8:20-cv-01537 CJC (JDex) |
| Plaintiff, | **DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, NUMBERS 3-6** |
| v. | |
| STANDARD INSURANCE COMPANY, PROTECTIVE LIFE INSURANCE COMPANY, and DOES 1 TO 50, inclusive, | |
| Defendants. | |

06706341.4

1

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

| | |
|---|---|
| **PROPOUNDING PARTY:** | PLAINTIFF JANICE SCHMIDT |
| **RESPONDING PARTY:** | PROTECTIVE LIFE INSURANCE COMPANY |
| **SET NO.:** | ONE |

Defendant Protective Life Insurance Company ("Protective Life" or "Responding Party") hereby submit these objections and supplemental responses to Plaintiffs' Interrogatories, Set One, Numbers 2, 3-6 ("Interrogatories" or "Requests"), as follows:

## PRELIMINARY STATEMENT

Responding Party has not fully completed investigation of the facts relating to this case, discovery in this action, or preparation for trial. All of the responses and objections contained herein are based only upon such information and documents which are presently available to, and specifically known to Responding Party after diligent search and reasonable inquiry. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, which may, in turn, clarify and add meaning to known facts as well as establish entirely new factual matters, all of which will lead to substantial additions to, changes in, and variations from the contentions and responses set forth herein. Responding Party reserves the right to present additional information or documents as may be disclosed through their continuing discovery and investigation. Responding Party reserves the right to assert additional objections as may be discovered through its continuing discovery and investigation. Responding Party assumes no obligation, beyond what is imposed by the applicable law, to supplement or amend these responses to reflect information discovered following the date of these responses.

Responding Party bases these responses on the assumption that the Plaintiffs did not intend to seek any information protected against discovery by the attorney-client

06706341.4

2

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

privilege, attorney work product doctrine, and/or any other applicable privilege but makes those objections to the extent they apply to any request herein. Responding Party further states that it does not intend to log privileged communications or work product created on or after approximately December 17, 2021, when this lawsuit was filed. Moreover, Responding Party does not intend to log privileged communications or work product in response to Requests that seek irrelevant information or when the privileged communication or work product is only tangentially connected to the Requests because the subject document or communication falls into the broadest of categories "evidencing" or "relating to" the requested information.

This Preliminary Statement is incorporated into each and every supplemental response to the Requests set forth below.

## GENERAL OBJECTIONS

1. Responding Party objects to the definitions of "Defendant", "Defendants", "YOU" and "YOUR" on the ground that they are overbroad in purporting to include entities and individuals which are not defendants in this lawsuit, and/or which issued life insurance coverage on paper other than Protective Life Insurance Company, and/or from whom the Mr. Eubanks procured the life insurance coverage at issue in this lawsuit. Responding Party is providing these supplemental responses on behalf of Protective Life Insurance Company

2. Responding Party objects to the Requests to the extent that they attempt to impose obligations on Responding Party greater than those imposed by applicable law.

3. Responding Party objects to the Requests to the extent that they seek the disclosure of information or documents protected by the attorney-client privilege, attorney work product doctrine, and/or other privileges held by Responding Party.

06706341.4                                             3

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

    4.     Responding Party objects to the Requests to the extent they are overbroad, unduly burdensome, or oppressive.

    5.     Responding Party objects to the Requests to the extent they are neither relevant to the dispute in the above-captioned matter, nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

    6.     Responding Party objects to the Requests to the extent they seek information or documents obtainable from other sources that are more convenient and less burdensome or equally available to the Propounding Party.

    7.     Responding Party objects to the Requests to the extent they seek information or documents that are confidential or proprietary.

    8.     Responding Party objects to the Requests to the extent they seek private information or documents concerning individuals or entities who are not Party to this lawsuit.  Such information is protected from disclosure under various privacy laws, including the Gramm-Leach-Bliley Act.  Such information is also protected pursuant to said Party's inalienable right to privacy as guaranteed by California Constitution, Article I, Section 1.  *See Valley Bank of Nevada v. Super. Ct. of San Joaquin Cnty.*, 15 Cal.3d 652 (1975).

    9.     To the extent any Request extends to "all" documents or facts relating in any way to correspondence, records, reports or other materials, Responding Party objects to the request as overbroad, unduly burdensome and seeking documents that are not relevant to the claims at issue.

    10.    The supplying of any information or document does not constitute an admission by Responding Party that such information or document is relevant to or admissible in this lawsuit.  All information provided by Responding Party are for use in this litigation only and for no other purpose.

    11.    Responding Party generally objects to the Requests to the extent that they seek discovery of information created after the date this lawsuit was filed. Any

06706341.4

4

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

purported application of the Requests to this post-lawsuit timeframe would necessarily call for information protected by the work-product doctrine and Responding Party objects accordingly.

12. Responding Party reserves the right to make any additional or different objections as may be appropriate based upon any amendment(s) to the pleadings and/or further court proceedings in this action.  Each of these general objections is by this reference incorporated fully in each individual discovery response set forth below, and each individual discovery response set forth below is made subject to and without waiver of such general objections.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Without waiving its General Objections and specifically asserting each General Objection as to each and every Interrogatory propounded by Plaintiffs, Responding Party further objects and supplements its responses as set forth below:

**INTERROGATORY NO. 2:**

IDENTIFY the full name and title of the person or persons answering or participating in answering these interrogatories.

**RESPONSE TO INTERROGATORY 2:**

Subject to and without waiving the foregoing objections, in addition to counsel for Responding Party, Protective employees Michael Rebholz and Chris Green participated in providing factual information in response to these Interrogatories.  Mr. Rebholz is a Vice President of Operations for Protective.  Mr. Green is the Director of Unreported Deaths/Life and Annuity Claims for the Life and Annuity Division of Protective. Moreover, Protective's computer programmers and data analysts participated in the gathering of the information in the confidential listing of potential class members described below.

06706341.4

5

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

**INTERROGATORY NO. 3:**

IDENTIFY all beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies renewed, issued, or delivered by DEFENDANTS in the State of California that lapsed or were terminated by DEFENDANTS for the non-payment of premium after January 1, 2013, and as to which policies the notice or notices as described by the STATUTES were not sent by DEFENDANTS prior to lapse or termination. For the purpose of this Interrogatory "renewed": 1) means payment of a premium by a person residing in the State of California that is accepted by Defendants on a life insurance policy then in effect; or 2) the annual recurrence of a policy's effective date.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY 3:**

Responding Party further objects to this Interrogatory on the ground that it seeks the identity and confidential personal information of individuals who are not parties to this lawsuit who have a reasonable expectation of privacy in their personal affairs. Responding Party objects to this Interrogatory to the extent it purports to require Responding Party to create a document(s), summary and/or compilation of responsive information that does not otherwise already exist and/or to the extent that it requires Responding Party to produce the policy file, or portions thereof, for each purported class member. Responding Party objects to this Interrogatory in that it is overly broad and unduly burdensome. For example, to the extent that it purports to include documents related to Section 10113.71, when Plaintiffs' class definition purports to include only beneficiaries of policies that did not terminate in accordance with 10113.72 (".72"), this Interrogatory is overly broad. Further, the STATUTES apply only to policies issued or delivered in California. Since a policy can only be issued and delivered once, *Ball v. California State Auto. Ass'n Inter-Ins. Bureau*, 201 Cal. App.

06706341.4

6

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

2d 85, 87 (1962), *Ahern v. Dillenback*, 1 Cal. App. 4th 36, 45–46 (1991), Responding Party objects to the extent this Interrogatory includes policies that supposedly were "renewed" in California. Responding Party objects that this Interrogatory is overly broad to the extent that it purports to include policies issued outside of California, to the extent premiums are paid in California.  Last, after diligent inquiry and review and based on the currently available data, Responding Party is unable to determine precisely how many Protective Life life policies lapsed from non-payment of premium. This is because Protective Life uses the same code in its administrative system –a "Q code" --  for policy lapses arising from failure to pay premiums <u>and</u> for policy owner cancellations, including written customer cancellations. Written cancellations of the policies by the customer/policy owner are not subject to the Statutes. Because terminations via written request and terminations for non-payment of premium are coded the same in Protective Life's administrative system, Responding Party is unable to determine, from among the policy terminations, a precise count of policy lapses for non-premium payment absent an individualized, manual  file-by-file review of each of the California policy files at issue.  Subject to, and without waiver of these objections, Protective Life has produced to Plaintiffs, subject to the protective order entered in this case, and based on information and belief, a confidential list identifying deaths on terminated Protective Life policies that were issued or delivered in California during the relevant time frame, for which the policy owner may not have been sent a notice prior to termination under 10113.72.  This list includes policies issued or delivered in California and which were in force on January 1, 2013, or which were issued or delivered in California after this date without .72 annual notices.  In 2016, Protective sent out a number of .72 annual notices on California-issued policies, at or around the policies' anniversary dates.  Thereafter, with respect to policies that were issued or delivered in California prior to January 1, 2013, Protective did not resume mailing of the .72 annual notice after 2016 until the California Supreme Court's decision in

06706341.4

7

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

*McHugh v. Protective Life.* Protective Life has produced this list pursuant to Fed. R. Civ. P. 33(d). This list includes policy face amounts, issue dates, termination dates, product names and description, last premium paid, and upon information and belief, the dates of deaths of the insureds. Because of the administrative coding issue described above, these policies may have terminated by written customer request rather than for premium non-payment. To gather this data, Protective's computer programmers and data team built numerous lines of computer code to extract and sort potentially responsive California policies that terminated from 2013 to the present. Through this programming, Protective was able to gather a list of all California policies that reflect a Q code status. Protective's unreported death team then researched the deaths on these policies consistent with state law, including a comparison of the insureds on this list with the United States Social Security Administration's Death Master File or a database as least as comprehensive (*e.g.* Accurint) and then independent verification of the deaths of Protective insureds through a secondary source.

**INTERROGATORY NO. 4:**

IDENTIFY each policy to which the individuals identified in response Interrogatory No. 3 were beneficiaries, the face amounts of each such policy, the lapse dates of each such policy, the anniversary dates of each such policy and the amount and dates of all premium payments made on each such policy after January 1, 2013.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY 4:**

See Second Supplemental Response to Interrogatory Number 3, above. In addition, providing a post-2013 premium payment history on these policies must be done on a policy-by-policy basis. This parameter compounds the burdensomeness of this request.

06706341.4

8

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

**INTERROGATORY NO. 5:**

IDENTIFY all life insurance policies issued, delivered, or renewed by DEFENDANTS in the State of California after January 1, 2013, that were lapsed or terminated for non-payment of premium thereafter and for which DEFENDANTS did not provide one or more of the notices described by Sections 10113.71 and 10113.72 of the Statutes prior to such lapse or termination. For the purpose of this Request "renewed": 1) means payment of a premium by a person residing in the State of California that is accepted by Defendants on a life insurance policy then in effect; or 2) the annual recurrence of a policy's effective date.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY 5:**

Responding Party further objects to this Interrogatory on the ground that it seeks the identity and confidential personal information of individuals who are not Parties to this lawsuit who have a reasonable expectation of privacy in their personal affairs. Responding Party objects to this Interrogatory to the extent it purports to require Responding Party to create a document(s), summary and/or compilation of responsive information that does not otherwise already exist and/or to the extent that it requires Responding Party to produce the policy file, or portions thereof, for each purported class member. Responding Party objects to this Interrogatory in that it is overly broad and unduly burdensome. For example, to the extent that it purports to include documents related to Section 10113.71, when Plaintiffs' class definition purports to include only beneficiaries of policies that did not terminate in accordance with 10113.72, this Interrogatory is overly broad. Further, the STATUTES apply only to policies issued or delivered in California. Since a policy can only be issued and delivered once, *Ball v. California State Auto. Ass'n Inter-Ins. Bureau*, 201 Cal. App. 2d 85, 87 (1962), *Ahern v. Dillenback*, 1 Cal. App. 4th 36, 45–46 (1991), Responding

06706341.4

9

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

Party objects to the extent this Interrogatory includes policies that supposedly were "renewed" in California. Responding Party objects that this Interrogatory is overly broad to the extent that it purports to include policies issued outside of California, to the extent premiums are paid in California. Last, after diligent inquiry and review and based on the currently available data, Responding Party is unable to determine precisely how many Protective Life life policies lapsed from non-payment of premium. This is because Protective Life uses the same code in its administrative system – a "Q code -- for policy lapses arising from failure to pay premiums and for policy owner cancellations, including written customer cancellations. Written cancellations of the policies by the customer/policy owner are not subject to the Statutes. Because terminations via written request and terminations for non-payment of premium are coded the same in Protective Life's administrative system, Responding Party is unable to determine, from among the policy terminations, a precise count of policy lapses for non-premium payment absent an individualized, manual file-by-file review of each of the term policy files at issue. Subject to, and without waiver of these objections, Protective Life has produced to Plaintiffs, subject to the protective order entered in this case, a confidential list identifying deaths on terminated Protective Life policies that were issued or delivered in California during the relevant time frame for which the policy owner may not have been sent a notice prior to termination under 10113.72. This list includes policies issued or delivered in California and which were in force on January 1, 2013, or which were issued or delivered in California thereafter without .72 annual notices. In 2016, Protective sent out a number of .72 annual notices on California-issued policies, at or around these policies' anniversary dates. Thereafter, with respect to policies issued or delivered in California and in force on January 1, 2013, Protective did not resume mailing of the annual notice under .72 after 2016 until after the California Supreme Court's decision in *McHugh v. Protective Life*. This list includes policy face amounts, termination dates, product names and description, last

06706341.4

10

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

premium paid, and upon information and belief, the dates of deaths of the insureds. Because of the administrative coding issue described above, these policies may have terminated by written customer request rather than for premium non-payment. To gather this data, Protective's computer programmers and data team built numerous lines of computer code to extract and sort potentially responsive California policies that terminated from 2013 to the present. Through this programming, Protective was able to gather a list of all California policies that reflect a Q code status. Protective's unreported death team then researched the deaths on these policies consistent with state law, including a comparison of the insureds on this list with the United States Social Security Administration's Death Master File or a database as least as comprehensive (*e.g.* Accurint) and then verification of the deaths of Protective insureds through a secondary source.

**INTERROGATORY NO. 6:**

For each policy identified in response Interrogatory No. 5 IDENTIFY the beneficiaries, policy-owners, face amounts, the renewal and lapse dates and all premium payments made on each such policy after January 1, 2013.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY 6:**

See Second Supplemental Response to Interrogatory Number 5, above. In addition, providing a post-2013 premium payment history on the policies on the list must be done on a policy-by-policy basis and compounds the burdensomeness of this request.

MAYNARD, COOPER & GALE, LLP

DATED: January 27, 2023

06706341.4

11

By: _____
KATHARINE A. WEBER
Attorneys for Defendant
PROTECTIVE LIFE INSURANCE COMPANY

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
COUNTY OF SAN FRANCISCO      )

   I am employed in the County of San Francisco, State of California.  I am over the age of 21 and am not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, 600 Montgomery Street, Suite 2600, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES**

on the interested Party in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

**[X]   (BY E-MAIL OR ELECTRONIC TRANSMISSION):**  Based on a court order or an agreement of the Party to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person[s] at the e-mail address[es] set forth herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Christopher R. Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

John P. Bjork (Admitted *Pro Hac Vice*)
bjork@sperling-law.com
Joseph M. Vanek (Admitted *Pro Hac Vice*)

06706341.4                                          12

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**

jvanek@sperling-law.com
Mitchell H. Macknin (Admitted *Pro Hac Vice*)
mhmacknin@sperling-law.com
**SPERLING & SLATER, P.C.**
55 West Monroe Street, Ste. 3200
Chicago, IL 60603
Tel. (312) 614-3200
Fax: (312) 614-6492

David S. Klevatt (Admitted *Pro Hac Vice*)
dklevatt@insurancelawyer.com
Timothy M. Howe (Admitted *Pro Hac Vice*)
KLEVATT & ASSOCIATES, LLC
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312)-782-9090

    I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed January 27, 2023, in San Francisco, California.

                                                        Sam Roberson

06706341.4                                      13

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORY NUMBER 2 AND SECOND SUPPLEMENTAL RESPONSES, NUMBERS 3-6**


# **VERIFICATION**

Michael Rebholz declares that he is a representative of the defendant, Protective Life Insurance Company, in the above-entitled action; that he has read Protective's responses, including the supplemental responses, to Plaintiff's Interrogatories, and knows the contents thereof; that the matters stated in the foregoing document are not all within the personal knowledge of declarant; that said answers were prepared with the assistance and advice of counsel and the assistance of employees and representatives of the company upon which he has relied; that the answers and responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course and preparation of these answers; that consequently, Protective Life Insurance Company reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said responses are true to the best of his knowledge, information and belief.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 26 day of January, 2023 at Birmingham, Alabama.

_____
Michael Rebholz