UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SCHMIDT and JUDY A. VANN-EUBANKS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STANDARD INSURANCE COMPANY, PROTECTIVE LIFE INSURANCE COMPANY, and DOES 1 TO 50, inclusive,<br><br>Defendants. | Case No. 1:21-cv-01784-JLT-CDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST TO SEAL<br><br>(Doc. 64) |

Pending before the Court is Plaintiffs' notice and request to seal two documents, filed (Doc. 64) and emailed to the undersigned's chambers on August 14, 2023: (1) Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative and Class Counsel ("Memorandum"), and (2) Exhibit 14 to the Declaration of Christopher R. Pitoun in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative and Class Counsel (the "Barrett Report").

The Court has considered the factors set forth in *Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in Plaintiffs' Notice and Request, sealing the Memorandum serves a compelling interest. The Court further finds that, in the absence of closure, the compelling interests identified by Plaintiffs would

1 be harmed.  In light of the public filing of Plaintiffs' Notice and Request and redacted
2 Memorandum (Doc. 63-1), the Court further finds that there are no additional alternatives to
3 sealing the Memorandum that would adequately protect the compelling interests identified by
4 Plaintiffs.

5 With respect to the Barrett Report, the Court understands from Plaintiffs' filings and
6 submissions that sealing is requested at least in part because certain of the information contained
7 in the Barrett Report relies on information deemed by Defendants to be "Confidential" under the
8 parties' protective order. (*See* Doc. 64).  However, the Court finds that much of the Barrett Report
9 would not under the parties' protective order constitute "Confidential" or "Highly Confidential"
10 information.  (*See* Doc. 46 ¶¶ 2-3).  The Court cannot conduct the required analysis to endorse
11 sealing without the benefit of a more fulsome explanation of the basis for sealing – including
12 identification of the specific information in the Barrett Report deemed protectible.

13 Under the First Amendment, the press and the public have a presumed right of access to
14 court proceedings and documents.  *See generally Press-Enterprise Co. v. Superior Court*, 464
15 U.S. 501, 510 (1985); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th
16 Cir. 2016); *see Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal
17 judicial system trial and pretrial proceedings are ordinarily to be conducted in public.").  As a
18 general rule, the public is permitted 'access to litigation documents and information produced
19 during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424
20 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and
21 citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)).
22 This presumed right can be overcome if (1) closure serves a compelling interest; (2) there is a
23 substantial probability that, in the absence of closure, this compelling interest would be harmed;
24 and (3) there are no alternatives to closure that would adequately protect the compelling interest.
25 *Oregonian Publishing Co.*, 920 F.2d at 1466 (citing *Press Enterprise*, 464 U.S. at 510).

26 Here, Plaintiffs' have not addressed the third prong under *Oregonian Publishing Co*. – to
27 wit, for instance, whether the filing of a redacted version of the Barrett Report could appropriately
28 balance the competing interests under the First Amendment.

Accordingly, pursuant to Local Rule 141(b) and based upon the representations contained in Plaintiffs' Notice and Request to Seal, IT IS HEREBY ORDERED that Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative and Class Counsel, shall be SEALED until further order of this Court.  By separate order, the Court will transmit to the Clerk of Court the unredacted version of the Memorandum for filing under seal.

IT IS FURTHER ORDERED the Plaintiffs' request to seal Exhibit 14 to the Declaration of Christopher R. Pitoun in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative and Class Counsel (the "Barrett Report") is DENIED WITHOUT PREJUDICE.  Plaintiffs may submit an amended application to seal that contains supplemental information responsive to the analysis set forth above and/or propose the public filing of a redacted version of the Barrett Report, at which point the Court is prepared to reconsider Plaintiffs' request.

The Court separately notes that Plaintiffs' Notice and Request to Seal references "the Policy List," identified as Exhibit 11 to the Pitoun Declaration.  Plaintiffs did not submit to the Court and have not requested that the Policy List be sealed; however, the Court notes that the document is identified as an Exhibit in support of Plaintiffs' motion (*see* Doc. 63-13) with only a cover page noting that the document is "subject to request to seal."  In the event Plaintiffs' seek sealing of the document, any further application to the Court should include the document to be sealed and a Request consistent with Local Rule 141 pertaining to the Policy List.

IT IS SO ORDERED.

Dated:   **August 15, 2023**              _____
                                          UNITED STATES MAGISTRATE JUDGE