UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY VANN-EUBANKS and JANICE SCHMIDT,<br><br>Plaintiffs,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 1:21-cv-01784-JLT-CDB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>(Doc. 83) |

Pending before the Court is the motion of Defendants Protective Life Insurance Company ("Protective") and Standard Insurance Company ("Standard") (collectively "Defendants") to stay proceedings in this action, filed October 20, 2023, pending anticipated rulings of the Ninth Circuit Court of Appeals in two unrelated putative class action cases. (Doc. 83). Plaintiffs Judy Vann-Eubanks ("Vann-Eubanks") and Janice Schmidt ("Schmidt") (collectively "Plaintiffs") filed an opposition on November 3, 2023 (Doc. 86) and Defendants replied on November 13, 2023 (Doc. 87). Defendants subsequently filed notices of supplemental authority. (Docs. 88, 90, 91).

**I.   Background**

Plaintiffs commenced this action on December 17, 2021 (Doc. 1) and filed their operative first amended complaint on September 28, 2022. (Doc. 39-1). Plaintiffs raise a claim for breach of contractual duty to pay a covered claim and a claim for breach of the implied covenant of good faith and fair dealing. *Id*. at 1. Plaintiffs are beneficiaries to life insurance policies that Defendants allegedly breached by failing to pay the death benefits provided in the policies. (Doc. 63-1 p. 1). Plaintiff Schmidt is the sole beneficiary of a life insurance policy issued by Standard

(and assumed by Protective) to her late-husband, Arthur James Schmidt.  (Doc. 39-1 p. 1).  Plaintiff Vann-Eubanks is a 50 percent beneficiary of a life insurance policy issued by Protective to her late-father, Robert L. Eubanks. *Id*. at 3.  Plaintiff Vann-Eubanks seeks to represent a class of individuals whose life insurance policies were improperly lapsed due to Defendants' alleged non-compliance with California Insurance Code §§ 10113.71 and 10113.72, which impose grace-period and notice requirements for life insurance policies.  (Doc. 63-1 p. 2).[1]  Plaintiff Vann-Eubanks moves for the certification a class comprised of:

> All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies issued or delivered by Protective Life in the State of California that lapsed or were terminated by Protective Life for the non-payment of premium after January 1, 2013, and as to which policies one or more notices described by Sections 10113.72(a) and (b) of the California Insurance Code were not sent by Protective Life prior to lapse or termination.[2]

*Id*. at 8.  Defendants filed an opposition on September 18, 2023, and Plaintiffs replied on October 12, 2012.  (Docs. 78, 80).  On October 20, 2023, Defendants filed the instant motion to stay.  (Doc. 83).  Defendants argue that this case should be stayed until the Ninth Circuit renders a decision in *Farley v. Lincoln Benefit Life Co.*, No. 2:20-cv-02485-KJM-DB, 2023 WL 3007413 (E.D. Cal. Apr. 18, 2023), *appeal docketed*, No. 23-80037, or *Small v. Allianz Life Ins. Co. of N. Am.*, No. CV 20-01944 TJH (KESx), 2023 WL 4042593 (C.D. Cal. May 23, 2023), *appeal docketed*, No. 23-80050. (Doc. 83 pp. ii).  Specifically, Defendants assert that the appellate decisions in *Farley* and *Small* likely will answer whether violations of §§ 10113.71 and 10113.72 amount to an injury that entitles a policy owner or beneficiary to relief, which is relevant to the pending motion for class certification here.  (Doc. 83 p. 2).  According to Defendants, the California Supreme Court declined to resolve this question as it pertained to an underlying jury verdict, an issue not properly before it; the Court instead directed the lower appellate court to

---

[1] Plaintiff Schmidt does not seek certification of a class. Her claims against Defendants proceed on an individual basis.

[2] Plaintiffs assert that the putative class "does not include beneficiaries of policies that were terminated by the policy owner in accordance with the policy terms.  Such terminations were not for nonpayment of premium…"  *Id.*

2

1 determine the verdict's correctness on remand. *See McHugh v. Protective Life Ins. Co.*, 12 Cal.
2 5th 213, 246 n.10 (2021). The California Court of Appeal, in a non-binding decision, found no
3 error in instructing the jury that in addition to bearing the burden of proof that the life insurance
4 contract was breached, plaintiffs also bore the burden of proving that they were harmed by the
5 breach. *McHugh v. Protective Life Ins.*, 2022 WL 6299640, at *9 (Cal. Ct. App. Oct. 10, 2022).
6 During the interim between the California Supreme Court's issuance of its decision in *McHugh*
7 and the lower appellate court's opinion on remand, the Ninth Circuit rejected an insurance
8 company's argument that a policy beneficiary must establish causation through evidence that the
9 policy would not have lapsed but for the insurer's noncompliance with §§ 10113.71 and
10 10113.72. *Thomas v. State Farm Life Ins. Co.*, No. 20-55231, 2021 WL 4596286, at *1 (9th Cir.
11 Oct. 6, 2021) (unpublished). Instead, the Court held that this evidence was not necessary for the
12 plaintiff to prevail. *Id*.

13 Following the *McHugh* and *Thomas* decisions, numerous district courts in this circuit have
14 addressed the propriety of certifying a class of individuals alleging their insurance company failed
15 to comply with §§ 10113.71 and 10113.72 and have reached different results. *See, e.g.*, *Moreland*
16 *v. Prudential Ins. Co. of Am.*, No. 20-cv-04336-RS, 2023 WL 6450421, at *6 (N.D. Cal. Sept. 29,
17 2023) (denying class certification); *Poe v. Nw. Mut. Life Ins. Co.*, No 8:21-cv-02065-SPG-E,
18 2023 WL 5251875, at * 9 (C.D. Cal. Aug. 14, 2023) (denying class certification); *Steen v. Am.*
19 *Nat'l Ins. Co.*, No. 2:20-cv-1226-ODW (SKx), 2023 WL 4004192, at *14 (C.D. Cal. June 14,
20 2023) (denying class certification); *Small v. Allianz Life Ins. No. of N. Am.*, No. CV 20-01944
21 TJH (KESx), 2023 WL 4042593, at *4 (C.D. Cal. May 23, 2023) (granting class certification);
22 *Farley v. Lincoln Benefit Life Co.*, 2:20-cv-02485-KJM-DB, 2023 WL 3007413, at *9 (E.D. Cal.
23 Apr. 18, 2023) (granting class certification).

24 On September 28 and 29, 2023, the Ninth Circuit granted the plaintiffs' petitions for
25 permission to appeal the grant of class certification in both *Small* and *Farley*, respectively.
26 Defendants argue that since this case implicates the same issues as those to be addressed by the
27 Ninth Circuit in these appeals, the Court should reimpose a stay in this action until those
28 questions are resolved.

## II. Standard of Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005). In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be warranted in deference to ongoing, parallel proceedings "regardless of whether the separate proceedings are 'judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Scottsdale Indemnity Co. v. Yamada*, No. 1:18-cv-00801-DAD-EPG, 2019 WL 7601833, at *3 (E.D. Cal. Jan. 10, 2019) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112.

## III. Discussion

**1. Whether Damage is Likely to Result from Issuing a Stay.**

Defendants argue that Plaintiffs would suffer minimal harm from a stay and that, since Plaintiffs seeks only monetary damages, they do not make a strong showing that irreparable harm is soon to follow. *See CMAX,* 300 F.2d at 269. Plaintiffs argue that a stay would extend their and the class members' physical and emotional suffering. (Doc. 86 p. 4).

Where claims are remedial in nature and address an important public policy, especially

policies for protected classes of persons, a stay may result in unacceptable levels of harm. *See Leyva*, 593 F.2d 857 at 864 (remanding a stay decision for the district court to consider the "urgent nature of the statutory right"). Here, however, the mere fact that Plaintiffs seek to represent a class of vulnerable and elderly individuals does not materially heighten the exigency of the action – particularly where Plaintiffs could have, but have not, sought a temporary restraining order or preliminary injunctive relief. *See Holland-Hewitt v. Allstate Life Ins. Co.*, No. 1:20-cv-00652-DAD-SAB, 2021 WL 2577023, at *5 (E.D. Cal. June 23, 2021). The Court agrees with a sister court that the possible harm from issuing a stay in this case is reduced because the relief sough on behalf of the class "would be the same and have the same effect if awarded now or in a year." *Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2023 WL 7597464, at *4 (N.D. Cal. Nov. 13, 2023).

      Although the putative class Plaintiff seeks to represent includes vulnerable members of society, the factual predicate of their claims is distinguishable from the cases on which she relies for support where a court declined to stay the action (*Takiguchi v. MRI Int'l Inc.*, No. 2:13-cv-01183-HDM-VCF, 2015 WL 5795807 (D. Nev. Oct. 2, 2015)). While the plaintiffs in *Takiguchi*, like some members of the putative class here, were elderly and retired persons, the court there was confronted by numerous other variables that warranted a stay. Many of the class members had invested their life savings in an allegedly fraudulent investment scheme, certain defendants were outside the United States, and parallel proceedings at issue included a complex criminal case that was not set for trial. *Id*. at *2. The risk of prejudice was heightened where the alternative of litigating the claims in Japan would be burdensome given that country's lack of a class action mechanism. *Id*. at *3. Those factors are not present here.

      Likewise, Plaintiffs' reliance on *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983), also is unpersuasive as the class members in that case were largely infirm, disabled *and* poor. *Id.* at 1437. The Court there found that the retroactive payment of benefits at issue would not so easily correct harm that the class members endured given record evidence of actual physical and emotional suffering by the class. *Id*. Here, while certain class members may be suffering similar hardships, the Court has no evidence before it to make such a conclusion.

Plaintiffs' reliance on *Greer v. Dick's Sporting Goods, Inc.*, No. 2:15-cv-01063-KJM-CKD, 2018 WL 372753 (E.D. Cal. Jan. 10, 2018) also is inapposite. In *Greer*, the putative class raised claims related to their employer's "off the clock" inspection of the members' personal belongings before they exited the employer's premises. *Id*. at *1. The defendant employer sought a stay in part to permit the California Supreme Court to resolve issues in two pending appeals that only impacted one of the subclasses sought to be certified. The Court found that an "open-ended" stay requested by the employer would impose significant risk that evidence would be harder to collect as the class members' memories would fade and they likely would forget how much time was spent in the inspections. *Id*. at *3.

Following *Greer*, Plaintiffs argue that they would be prejudiced by a stay as Defendants' employees with relevant knowledge may change jobs, their memories may fade, or they may become unavailable for trial. (Doc. 78 p. 5). However, Plaintiffs allege that Defendants employed a uniform company-wide practice to terminate life insurance policies for nonpayment of premiums without first complying with §§ 10113.71 and 10113.72. (Doc. 63-1 p. 10). Plaintiffs also assert that the calculation of their damages would require a straightforward methodology across the entire class. *Id*. at 12. Thus, unlike in *Greer*, where the Court found certain discovery would inevitably follow no matter how the California Supreme Court ruled in the pending cases, here, common issues of law to be decided by the Ninth Circuit likely will determine whether discovery must proceed at all.

Separately, a stay in this action would not be indefinite. Based on the Court's review of the docket, the appellate briefing in the *Farley* case is scheduled to be complete by early-March 2024. Given the divergence in rulings among district courts in the Circuit following the issuance of *McHugh* and *Thomas*, unsettled questions of law relevant to this case remain. The future course of litigation in this case would benefit greatly by the Ninth Circuit's guidance in either *Farley* or *Small*.

In sum, the first *Landis* factor weighs in favor of a stay.

**2.    Whether a Party Would Suffer Hardship or Inequity Absent a Stay.**

Defendants argue that declining to stay this case would expose them to great harm,

including through litigation of issues that a forthcoming appellate court decision could impact. *E.g.*, *Smith v. Experian Info. Sols. Inc.*, No. SACV 17-00629-CJC(AFMx), 2018 WL 1427162, at *3 (C.D. Cal. Jan. 19, 2018) ("Without a stay, the parties will be compelled to expend significant resources litigating issues that may have to be revisited after the Ninth Circuit issues its decision"). While Defendants further assert that, absent a stay, they would be burdened by expending significant resources in discovery, Plaintiffs correctly counter that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112.

Nevertheless, the Ninth Circuit's anticipated rulings will have a direct impact in the pending motion for class certification and future course of discovery. *See e.g.*, *Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2023 WL 8429789, at *4 (N.D. Cal. Dec. 4, 2023) ("Wilco does not argue that simply defending the suit constitutes hardship; rather, it argues that both parties, in the absence of a stay, may be required to unnecessarily expend time and resources, particularly if a class is certified. California courts have recognized such 'wasted' effort constitutes hardship under *Landis*"); *Phan*, 2023 WL 7597464, at *4 (finding that without stay "the parties would devote significant resources to litigating a class action only to have their efforts potentially rendered moot by a decision in either *Farley* or *Small*").

In sum, the second *Landis* factor favors a stay, as there is a tangible risk of inconsistent judgments and duplicative efforts if the action proceeds.

**3.      Whether a Stay Would Promote Judicial Economy.**

The third *Landis* factor requires the Court to consider whether a stay will promote "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.3d at 268.

In their motion for class certification, Plaintiffs argue that the decisions in *Farley* and *Small* are instructive as Defendants' noncompliance with the applicable statutes was a common course of conduct that would be applicable to all class members. (Doc. 63-1 p. 3). As these same matters currently are pending appeal, the Court finds that a stay would be efficient for its own docket, not only for the resolution of Plaintiffs' pending motion for class certification, but also for

all subsequent and related proceedings should the class be certified.  The courts in *Grundstrom* and *Phan* both concluded that a stay was appropriate under similar circumstances, and the Court finds the reasoning of those decisions to be persuasive. *Grundstrom*, 2023 WL 8429789, at *6; *Phan*, 2023 WL 7597464, at *5.

### IV.     Conclusion and Order

After balancing the potential harm and inequity presented by staying this action against the competing equities of hardship imposed and judicial economy, the Court finds good cause exists to grant Defendants' motion to stay pending resolution by the Ninth Circuit Court of Appeals of important and potentially dispositive issues germane to this case.

For the reasons set forth above, Defendants' motion to stay (Doc. 83) is GRANTED.

This action is HEREBY STAYED pending issuance of an opinion by the Ninth Circuit Court of Appeals in the *Farley* and/or *Small* actions.  If no determinative decision is rendered in *Farley* and/or *Small* within one year of the date of this Order, Plaintiffs may seek relief through a motion to lift stay.

No later than 14 days following the issuance of such opinion(s), the parties SHALL FILE a joint status report in which they set forth their positions on whether the stay in this case should be lifted.

IT IS SO ORDERED.

Dated:   **December 12, 2023**                        _____
UNITED STATES MAGISTRATE JUDGE