UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SCHMIDT, *et al*.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STANDARD LIFE INSURANCE COMPANY, *et al*.<br><br>　　　　　Defendants. | Case No. 1:21-cv-01784-JLT-CDB<br><br>ORDER ON PARTIES' JOINT REQUEST TO MAINTAIN STAY<br><br>(Doc. 102)<br><br>ORDER SETTING STATUS CONFERENCE ON JANUARY 13, 2026, AT 10:00 AM, AND DIRECTING THE FILING OF A JOINT REPORT<br><br>**6-Day Deadline** |

**Relevant Background**

On December 17, 2021, Plaintiffs Janice Schmidt and Judy A. Vann-Eubanks ("Plaintiffs") filed a class action complaint against Defendants Standard Life Insurance Company and Protective Life Insurance Company ("Defendants"). (Doc. 1).

On December 12, 2023, the Court granted Defendants' motion to stay all proceedings in this action pending the disposition by the Ninth Circuit Court of Appeal of several cases before it involving issues material to this litigation. (Doc. 92). At the Court's direction, the parties filed several periodic status reports that provided updates regarding the relevant cases pending decision before the Ninth Circuit.

On July 28, 2025, counsel for Plaintiffs filed a notice that the U.S. District Court for the Southern District of California had preliminarily approved a class action settlement in the matter of *Morneau et al. v. Protective Life Ins. Co.*, No. 3:22-cv-01861-AHG (S.D. Cal.) ("*Morneau*"). (Doc. 99). Counsel for Plaintiffs represented in their notice that, if the settlement agreement in *Morneau* received final approval, it would "resolve all the claims in this action," as well as the claims in a separate, related action before this court, *Allen v. Protective Life Co. et. al.*, No. 1:20-cv-00530-JLT-CDB (E.D. Cal.) ("*Allen*"). *Id.* at 2. In a subsequent joint status report, counsel for the parties represented that the *Morneau* action purported to merge both this case (*Schmidt*) and the *Allen* action into the *Morneau* settlement. (Doc. 100).

On September 25, 2025, the Court ordered the parties to file a joint status report within 90 days of entry of the order or within 30 days of the anticipated ruling on the motion for final approval of the settlement agreement in *Morneau* (which the parties alternatively refer to as *Milan v. Protective Life Ins. Co.*). (Doc. 101).

**Parties' Joint Status Report and Request to Maintain Stay**

Pending before the Court is the parties' joint status report, filed on December 29, 2025. (Doc. 102). Therein, the parties report that the *Morneau* settlement received final approval on October 25, 2025. *Id.* at 2. According to counsel, both named Plaintiffs in this case filed claims in the *Morneau* settlement that are being adjudicated by the court-appointed settlement administrator. *Id.* As such, counsel for the parties represent that the stay in this matter should remain in place and continue through a final adjudication of the claims of the named Plaintiffs in this matter or 90 days, whichever is sooner. *Id.*

The undersigned has reviewed the order granting final approval of class action settlement in *Morneau* and notes it provides that no class member was excluded from the class (*see Morneau*, Doc. 86 at 14). The order also provides that the U.S. District Court for the Southern District of California retains jurisdiction over implementation and enforcement of the settlement agreement. *Id.* at 16.

Given counsels' representations that the *Morneau* settlement approved by a sister court more than two months ago resolves all the claims in this action, it is unclear why the stay of this case that has been in place for approximately two years should remain in place. If the claims in this case are resolved

by the *Morneau* settlement, as counsel for Plaintiffs previously represented, it does not appear that anything of the complaint remains within the Court's jurisdiction, and without further explanation by the parties, neither a favorable nor unfavorable decision by the claims administrator concerning Plaintiffs' claims reportedly under administrative adjudication would change the relevant analysis.

\* \* \* \* \*

Therefore, the Court sets a status conference for January 13, 2026, at 10:30 AM to address the parties' request to maintain the stay in this action.  In advance of the status conference, the parties will be directed to file a joint report addressing (1) why the stay of this action should be maintained, (2) what of the complaint remains within the Court's jurisdiction, and (3) how a favorable or unfavorable decision by the claims administrator concerning Plaintiffs' claims would inform the Court's analysis as to maintaining the stay of this action.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The parties are ORDERED to appear for status conference before the undersigned on **January 13, 2026, at 10:00 AM**.  Counsel SHALL REQUEST and obtain from the undersigned's courtroom deputy at least 24 hours in advance of the conference Zoom connection information to facilitate the parties' appearance; and

2. No later than **January 12, 2026**, the parties SHALL FILE a joint report addressing the following: (1) why the stay of this action should be maintained; (2) what of the complaint remains within the Court's jurisdiction; and (3) how a favorable or unfavorable decision by the claims administrator concerning Plaintiffs' claims would change the Court's analysis as to maintaining the stay of this action.

IT IS SO ORDERED.

Dated:   **January 6, 2026**                             _____
                                                          UNITED STATES MAGISTRATE JUDGE