UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE SCHMIDT, *et al.*, | Case No. 1:21-cv-01784-JLT-CDB |
| Plaintiffs, | ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| v. | |
| STANDARD LIFE INSURANCE COMPANY, *et al.*, | (Doc. 104) |
| Defendants. | |

**Relevant Background**

On December 17, 2021, Plaintiff Janice Schmidt commenced this action with the filing a class action complaint against Defendants Standard Life Insurance Company and Protective Life Insurance Company ("Defendants"). (Doc. 1). Plaintiff Judy A. Vann-Eubanks (together with Plaintiff Schmidt, "Plaintiffs") joined the action as co-plaintiff with the filing of first amended complaint on September 30, 2022. *See* (Docs. 39, 40). Since December 12, 2023, this matter has been stayed at the parties' request pending resolution by the Ninth Circuit Court of Appeals of several cases before it involving issues material to this litigation (*see* Doc. 92) and pending the anticipated approval of a class action settlement by the U.S. District Court for the Southern District of California that the parties here represented to this Court would resolve the claims at issue. *See* (Docs. 99, 100, 102, 103). The settlement of the class action before the U.S. District Court for the

Southern District of California gained final approval on October 25, 2025.  (Doc. 104 at 2).

**Parties' Stipulation of Dismissal**

On January 9, 2026, the parties filed a jointly executed stipulated dismissal of this action with prejudice.  (Doc. 104).

The stipulated dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) and Plaintiffs are entitled to dismiss the individual claims (at least) without court order.  In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified.  Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e) (emphasis added).

In this case, the parties seek to dismiss all claims with prejudice, including Plaintiffs' individual claims and purportedly the claims of the putative class. (Doc. 104 at 2).  Notwithstanding the parties' purported dismissal of putative class claims with prejudice, as noted above, given the parties' representations that (1) the claims are resolved through approval of a class action settlement in the U.S. District Court for the Southern District of California, and (2) that court "now has jurisdiction over Plaintiffs' claims (Doc. 104 at 2), it does not appear that any claims asserted in Plaintiffs' operative complaint remain within this Court's jurisdiction.  Further, no class has been certified in this action nor is there a class proposed to be certified for purposes of settlement.  *Id.*; *see* (Docs. 1, 92).  Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the parties' stipulation to dismiss the action or notice to putative class members.  *See Titus v. BlueChip Financial*, 786 Fed. App'x. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of the parties' filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal.  This action shall be terminated by operation of law without further order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir.

2

1999).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of the Court is HEREBY DIRECTED to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(ii), dismissal with prejudice as to Plaintiffs' individual claims and without prejudice as to the putative class claims, with each party to bear that party's own attorney's fees and costs except as otherwise provided by the parties' stipulation (Doc. 104); and

2. All other case management dates, conferences, and filing requirements, including the status conference set for January 13, 2026 (Doc. 103), are HEREBY VACATED.

IT IS SO ORDERED.

Dated:   **January 12, 2026**

_____

UNITED STATES MAGISTRATE JUDGE

3